UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH,

    Petitioner,

v.

ROBERT FOX,

    Respondent.

No. 2:17-cv-2651-MCE-EFB P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Petitioner, a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed an application to proceed in forma pauperis. ECF No. 5.

    I.    <u>Application to Proceed In Forma Pauperis</u>

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit and his application is granted.

    II.    <u>Legal Standards</u>

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

/////

1

III. Background

The conviction underlying this petition occurred on May 31, 2002 when petitioner was found guilty of selling crack cocaine pursuant to Cal. Health & Safety Code § 11352. ECF No. 1 at 7. Petitioner was sentenced to twenty-five years to life under California's Three Strikes Law. California Penal Code sections 667(b) - (i), and 1170.12(a) - (d).

On November 12, 2012, petitioner filed a pro se petition for habeas corpus in state court wherein he cited Cal. Penal Code § 1170.126(b)[1][2] and sought recall of his three-strikes sentence. ECF No. 1 at 7-8. The trial court construed his petition as a § 1170.126 motion for resentencing. *Id.* at 8. On May 24, 2016, the trial court found petitioner was eligible for resentencing, but denied his motion after finding that he presented an "unreasonable risk of danger to public safety." *Id.* at 12.

Plaintiff appealed and the California court of appeal affirmed the denial of his resentencing motion. *Id.* Petitioner filed a petition for review with the California Supreme Court, which was denied on November 29, 2017. *Id.* at 13.

Now, petitioner argues that the phrase "unreasonable risk of danger to public safety" has been defined and interpreted inconsistently by state courts. *Id.* at 18. He notes that California

---

[1] This section provides:

> Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.

Cal. Penal Code § 1170.126(b).

[2] Cal. Penal Code § 1170.126 arose pursuant to Proposition 36, also known as the Three Strikes Reform Act of 2012, which modified California's Three Strikes law as it applies to certain third-strike indeterminate sentences.

2

Penal Code § 1170.18[3] provides that "[a]s used throughout this code, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." He appears to allege that the state courts erred in failing to apply that definition in ruling on his motion for resentencing, ECF No. 1 at 12, and claims that the failure to apply that definition violated his constitutional rights to due process and equal protection under the law. *Id.* at 16.

IV. <u>Analysis</u>

This petition fails to state a cognizable federal habeas claim. Petitioner is not entitled to habeas relief unless his detention violates the Constitution, a federal statute, or a treaty. 28 U.S.C. § 2241(c)(3). The immediate challenge is most appropriately construed as a challenge to the state's post-conviction review process. Federal habeas relief is not available for petitions alleging only error in the state post-conviction review process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that habeas court will not review state law questions); *see also Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"); *Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (due process claim challenging trial court's failure to conduct in camera inspection of file during post-conviction evidentiary hearing was not cognizable on federal habeas review); *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (claim alleging bias by post-conviction relief judge was not cognizable in federal habeas proceeding). And petitioner's couching of his claims as violations of his constitutional rights to due process and equal protection does not alter the court's analysis. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process.").

Moreover, there was no state law error here. The California Supreme Court explicitly rejected the application of section 1170.18 to the state's Three Strikes Reform Act. *See People v.*

---

[3] Cal. Penal Code § 1170.18 arose pursuant to Proposition 47, "the Safe Neighborhoods and Schools Act."

*Valencia*, 3 Cal. 5th 347, 351-52 (2017). And this court is bound by the California Supreme Court's determinations of state law. *See West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

The California Supreme Court also rejected the notion that refusing to apply section 1170.18's definition to the Three Strikes Reform Act violated a petitioner's equal protection rights. *Valencia,* 3 Cal. 5th at 375-76. The California Supreme Court determined that offenders "resentenced under Proposition 36 are not similarly situated to those resentenced under Proposition 47." [4] *Id.* at 376. It explained that:

> These are two very different populations of offenders. As the text of Proposition 47 indicates, that measure focused on offenders convicted of a set of low-level, nonserious, nonviolent felonies and reduced them to misdemeanors. In contrast, Proposition 36 concerned the resentencing of recidivist offenders who had two prior violent or serious felony convictions and a third nonserious, nonviolent felony conviction, and who are serving terms of 25 years to life. Obviously, those recidivists with criminal records involving serious or violent felonies, who may have already been incarcerated for a lengthy period, raise concerns for public safety different from those who committed what were previously low-level felonies. Thus, the two groups are not similarly situated for purposes of resentencing because one group consists of recidivist serious or violent offenders, who may have the propensity to commit serious or violent felony crimes and the other generally consists of low-level offenders.

*Id.* The foregoing determination was reasonable and is fatal to petitioner's equal protection claim.

V. Conclusion

Accordingly, it is ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 5) is GRANTED.

/////

/////

---

[4] Proposition 47 was codified as California Penal Code § 1170.18 and became effective on November 5, 2014.

4

Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 12, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE